

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles H. Theobald
County Attorney
Galveston, Texas

Dear Sir:

Opinion No.O-3529
Re: Construction of Article
7150, Section 7, Revised
Civil Statutes of Texas,
As to what constitutes
ownership for purposes of
taxation.

We are in receipt of your letter of May 8,1941,
in which you request the opinion of this department on
the question and fact you submit in your letter as follows:

"Application has been made to the County
Commissioners' Court of this County to exempt
from taxation the property of several purely
public charity institutions which are purchas-
ing their properties, either by a vendor's lien
retained by the Grantor, or by Deed of Trust
executed, or deferred payments, or contract for
a deed, . . ."

Article 7150, Revised Civil Statutes, provides in
part as follows:

"The following property shall be exempt
from taxation, to-wit:

". . .

"7. Public charities. - All buildings be-
longing to institutions of purely public charity,
together with the lands belonging to and occupied
by such institutions not leased or otherwise used
with a view to profit, unless such rents and prof-
its and all moneys and credits are appropriated

by such institutions solely to sustain such institutions and for the benefit of the sick and disabled members and their families and the burial of the same, or for the maintenance of persons when unable to provide for themselves, whether such persons are members of such institutions or not. An institution of purely public charity under this article is one which dispenses its aid to its members and others in sickness or distress, or at death, without regard to poverty or riches of the recipient, also when the funds, property and assets of such institutions are placed and bound by its laws to relieve, aid and administer in any way to the relief of its members when in want, sickness and distress, and provide homes for its helpless and dependent members and to educate and maintain the orphans of its deceased members or other persons."

In our Opinion No. 0-2268 this department ruled that for tax purposes the vendee under a sales contract was considered the owner of the property despite the fact that legal title had been retained by the vendor to secure the payment of the purchase price. We further ruled that if such property was being used by the vendee as a homestead the same was exempt for tax purposes. A copy of said opinion is enclosed for your information.

We believe the same rule of law is applicable in this case. It is our opinion that under the law the institutions in question are considered as the owner of the property for tax purposes. Therefore, if such institutions put their property to such a use as to bring them within the exemption stated in Article 7150, Section 7, supra, we believe such property would be exempt from taxation.

We trust that the foregoing fully answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Billy Goldberg
Assistant

BG:LM
ENCLOSURES

APPROVED MAY 22, 1941

s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE

By      BWB      Chairman